UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSE HERNANDEZ,    :
                   :
        Petitioner, :
                   :         06 CIV 799  (HB)
        -against-  :
                   :         **OPINION & ORDER**
UNITED STATES OF AMERICA :
                   :
        Respondent. :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[*]:**

On November 13, 2002, petitioner Jose Hernandez ("Hernandez") was sentenced to 52 months of imprisonment, to be followed by a three-year term of supervised release. On February 2, 2006, Hernandez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Hernandez seeks to vacate his sentence based on: (1) the unknowing and unintelligent nature of his guilty plea; and (2) ineffective assistance of counsel. For the following reasons, the petition is DENIED.

## BACKGROUND

On May 22, 2002, Hernandez plead guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846. At the time, petitioner was represented by Stephen Flamhaft. On November 13, 2002, Hernandez was sentenced. Hernandez did not appeal his sentence. On February 2, 2006, over three years after the judgment was entered, Hernandez filed a *pro se* habeas petition seeking to vacate his conviction and sentence. While the motion itself is dated November 9, 2005, the certificate of service appended to the motion is dated January 27, 2006. On February 14, 2006, this Court issued an Order directing Hernandez to show cause why the applicable one year statute of limitations should not bar his motion. In response, Hernandez submitted a timely affirmation dated March 1, 2006, arguing that the statute of limitations should be equitably tolled.

---

[*] Ariana Gambella, a third year law student at St. John's University School of Law and a spring 2006 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitation on motions filed pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255; Wims v. United States, 225 F.3d 186, 189 (2d Cir. 2000) (habeas petition is "timely filed if [the] claim . . . accrued no earlier than one year prior to the date of the filing"). To equitably toll the AEDPA's limitations period, providing more than the year prescribed in the statute, a petitioner must show that extraordinary circumstances prevented him from filing the petition and he must demonstrate the existence of a causal relationship between the extraordinary circumstance and the lateness of the petition. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). One aspect of the causation showing requires a petitioner to demonstrate that he or she acted with reasonable diligence throughout the period he or she seeks to toll. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). While I shall discuss petitioner's arguments in support of equitable tolling, I also note that the plea agreement that petitioner signed precludes him from collaterally attacking his sentence pursuant to 28 U.S.C. § 2255.[1]

Hernandez contends that several factors contributed to the delay in filing his petition. Petitioner claims that: 1) the Bureau of Prisons ("BOP") denied him access to certain relevant legal documents including his Presentence Report ("PSR");[2] 2) the prison law library was inadequate and that he was disciplined for "insisting" on extra time in the library; and 3) that he had no assistance from counsel in pursuing this motion. Thus, petitioner argues that, due to these various impediments and despite his exercise of reasonable diligence, he was only able to discover the "facts" underlying his petition on March 22, 2005.

The Second Circuit has indicated that the denial of access to legal materials may suffice to toll the statute of limitations. See Hizbullahankhamon, 255 F.3d at 75 ( "were we to determine, in an appropriate case, that the discretionary deprivation of a prisoner's access to his own legal materials and law library materials *prevented* a prisoner from petitioning for a writ of habeas corpus in federal court, we would be obliged to consider granting a request for equitable tolling") (emphasis in original). However, here petitioner merely asserts that the prison library was

---

[1] The transcript of Hernandez's plea demonstrates that he waived the right to collaterally attack any sentence of between 108 and 135 months. (Plea Transcript, dated May 22, 2002, at 15). Hernandez was ultimately sentenced to 52 months.

[2] Petitioner also refers to delay caused by his "exhaustion of administrative remedies." However, there is no requirement that a petitioner exhaust administrative remedies before filing a motion pursuant to section 2255.

2

"obsolete," that he was disciplined for "insisting" on extra time in the library, and that BOP "red tape" prevented him from obtaining relevant documents. He also claims that, for an unspecified period of time, he was placed in segregation and his "legal work [was] frozen." A general complaint regarding prison library materials is not an "extraordinary circumstance" warranting equitable tolling. See Moreno-Castillo v. United States, No. 02 Civ. 2858, 2003 WL 23109747, *2 (S.D.N.Y. Dec. 31, 2003) (Baer, J.). Nor does petitioner's placement in segregation suffice to toll the limitations period since he has not specified when he suffered this sanction or the length of time that he was denied access to legal materials. See Jackson v. Kelly, No. 98 Civ. 3454, 2000 WL 325690,* 3 (S.D.N.Y. Mar. 28, 2000) (Baer, J.) (noting that administrative segregation may only toll statute of limitations when petitioner has demonstrated that "circumstances actually impeded [his] ability to file a timely petition").

Furthermore, Hernandez has not shown how his lack of access to transcripts, his PSR or any other legal documents prevented the timely filing of this petition. Petitioner was present at his plea and sentencing hearings, thus it was not necessary for him to posses these transcripts in order to prepare this motion. See Anderson v. O'Gara, No. 01 Civ. 5712, 2002 WL 1633917, *5 (S.D.N.Y. July 23, 2002) (stating that "a petitioner's inability to obtain trial transcripts does not warrant equitable tolling where the transcript is not necessary to develop the claims in the petition"). Reading petitioner's affirmation in support of tolling in conjunction with his underlying motion, he appears to argue that his PSR contained inaccuracies that his counsel was remiss in failing to correct or challenge. However, Hernandez does not explain what these inaccuracies were or what effect, if any, they had on his sentence.

Hernandez also argues that he lacked the assistance of counsel in pursuing his petition. However, "*pro se* status does not in itself constitute an extraordinary circumstance meriting tolling." See Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, Hernandez's petition for a writ of habeas corpus is DENIED. This Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of a denial of a constitutional right. The Clerk of the Court is instructed to close this motion and to remove this case from my docket.

SO ORDERED.

April 27, 2006
New York, New York

_____
U.S.D.J.